IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Civil Action No.  **06-cv-1076-JLK**

**HOMAIDAN AL-TURKI,**

    Plaintiff,

v.

**FEDERAL BUREAU OF INVESTIGATIONS DOCUMENT CUSTODIAN and the FEDERAL BUREAU OF INVESTIGATIONS,**

    Defendants.

**ORDER**

Kane, J.

  This is an action seeking review under the Administrative Procedure Act, 5 U.S.C. §§ 701, *et seq.* (the "APA"), of the FBI's response to a state court subpoena *duces tecum* issued in connection with a state court criminal proceeding.  Plaintiff Homaidan Al-Turki's challenge to the FBI's response to the state court subpoena is properly brought in this court under the APA.  28 C.F.R. § 16.22(d).  Under the APA, district courts have the authority to set aside agency action that is "contrary to constitutional right."  5 U.S.C. § 706(2)(B).

  On reconsideration of an initial ruling requiring the government to disclose documents to Al-Turki's counsel for review, I agreed to conduct an *in camera* and *ex parte* review of the withheld information to determine whether any of it contains "relevant, exculpatory or impeachment information" the disclosure of which would be mandated by the Constitution.  I have done so with significant reluctance given my views

that *in camera, ex parte* proceedings are antithetical to the judicial function. I am concerned with the constitutional frailty of provisions of the Classified Information Procedures Act (CIPA), 18 U.S.C. App. 3 § 4, but because I found nothing in my *in camera, ex parte* review that could be discoverable there was no basis for me to act in accordance with CIPA. Moreover, the constitutional issues were not raised by the parties in the case. The documents I examined remain classified and I will not disclose their nature, number or volume. Suffice it to say this was a labor intensive and largely clerical endeavor. See *Hayburn's Case*, 2 U.S. (2 Dall.) 409 (1792).

I leave for another day the desire to write on the Orwellian reality we face when one branch of government defines and redefines concepts of secrecy until no facts are discernible and then shields that dither with a ferocity that reduces the judicial function to a mere ceremonial rite. Mr. Al-Turki deserves quicker resolution and, because the "classified" materials I reviewed fall short of anything remotely discoverable on the grounds he argues, I rule simply as follows:

Applying an expansive view of our Constitution's protections of the rights of all individuals subject to the might and authority of the government, I found no information in my review of the "classified" documents hand delivered from the Justice Department with a security escort and deposited into the court's SCIF[1] under guard for my eyes only, even remotely relevant to Al-Turki's sweeping theories of discoverability and constitutional entitlement in his pending criminal appeal. No relevant, exculpating or

---

[1] An acronym, I understand, for "Sensitive Compartmented Information Facility," but more accurately described as a windowless, air-tight cell.

impeaching information was found.  Al-Turki is not entitled to relief under the APA, and his Complaint is DISMISSED.

Dated: October 26, 2007

BY THE COURT:

*s/John L. Kane*
SENIOR U.S. DISTRICT JUDGE